UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDALL P. CHECK,

    Plaintiff,

v.                                             Case No. 17-C-1755

SHOPKO STORES OPERATING CO. LLC,

    Defendant.

## ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES

On December 18, 2017, Plaintiff Randall Check, who is representing himself, filed a complaint against Defendant Shopko Stores alleging age discrimination. ECF No. 1. On March 15, 2018, Shopko filed its answer and affirmative defenses. ECF No. 12. On March 28, 2018, Check filed a motion to strike Shopko's affirmative defenses. ECF No. 17. For the reasons expressed below, the motion will be denied.

Check has filed a motion to strike nine of Shopko's affirmative defenses. He argues the first six affirmative defenses should be denied on their merits.[1] Check alleges Shopko failed to plead sufficient facts to support its seventh and ninth affirmative defenses. Lastly, Check alleges Shopko's eighth affirmative defense is not valid because it alleges Check is not entitled to damages, and damages are not an affirmative defense. Even though Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial,

---

[1] For example, Shopko's first affirmative defense is that the "complaint in whole or in part fails to state a claim upon which relief may be granted." ECF No. 12 at 7. Check argues this is "patently insufficient because the complaint clearly states a 'prima facie' claim of age discrimination . . . ," which is an argument on the merits. ECF No. 17.

impertinent, or scandalous matter," motions to strike are strongly disfavored and rarely granted. *See Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Courts will generally deny motions to strike where affirmative defense are adequately pled and provide the moving party with sufficient notice of the claim. *See id*.

Check moves to strike Shopko's first six affirmative defenses because he disputes the merits of the affirmative defense. However, Rule 12(f) was not established to dispute the merits of an affirmative defense, rather Check will have the opportunity to dispute the merits of Shopko's defenses through dispositive motions or at trial. *See Strohbehn v. Access Group Inc.*, 292 F. Supp. 3d 819, 822 (E.D. Wis. 2017). Check also moves to strike Shopko's eighth affirmative defense, that Check is not entitled to damages, because it is not an affirmative defense. However, the issue of damages is an appropriate affirmative defense in cases of employment discrimination, because once the employee establishes an amount of damages, the burden will shift to the employer to rebut the damages. *Hanna v. Am. Motors Corp.*, 724 F.2d 1300, 1306–07 (7th Cir. 1984). Therefore, it was not inappropriate for Shopko to assert this as a defense.

Lastly, Check moves to strike Shopko's seventh and ninth claims because Shopko failed to allege any facts in support of the affirmative defenses. Although these claims could, undoubtedly, by more well-defined and supported, they are sufficient to put Check on notice of the possible affirmative defenses Shopko may raise, especially this early in the proceedings. As the court has previously explained:

> Plaintiffs often forget that they are in the driver's seat: they have been marshaling their facts and legal theories for months, while the defendant is given only a limited period of time in which it must respond to the complaint's allegations. Thus . . . "many defendants commonly plead every conceivable defense to a given action because, at the origin of a case, they might not have a firm grasp on the subject

matter and would rather be over-inclusive than risk waiver of a potentially valid defense. By the time of a summary judgment or trial, however, many of the defenses original pled simply fall away, even without a formal withdrawal being made."

*Ill. Tool Works Inc. v. ESAB Group, Inc.*, No. 16-C-201, 2016 WL 8224331, at *1 (E.D. Wis. Sept. 13) (citations omitted). Morever, Check has not identified any actual prejudice that he could expect to suffer if the court allows these affirmative defenses remain. *See id*. (explaining prejudice is required before a court will strike affirmative defenses). Therefore, the Court finds no sufficient reason to take the extraordinary measure of striking the affirmative defenses. Check's motion to strike is **DENIED**.

    **SO ORDERED**.

Dated this   11th   day of May, 2018.

                                  s/ William C. Griesbach
                                  William C. Griesbach, Chief Judge
                                  United States District Court